IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

      **Plaintiff,**

v.                                                                                                                                                 Case No. 14-20042-JWL

**Timothy Fitzgerald,**

      **Defendant.**

### MEMORANDUM AND ORDER

Defendant Timothy Fitzgerald entered a plea of guilty to one count of conspiracy to commit bank fraud. In April 2019, the district judge assigned to this case at the time sentenced defendant to time served and two years of supervised release. In the judgment entered on April 30, 2019, the court also ordered defendant to pay restitution to the Bank of Blue Valley in the amount of $877,382.95. The judgment states that payment is "due immediately" and established a schedule of "payments of not less than 5% of the defendant's monthly gross household income over a period of 2 years to commence 30 days from the entry of judgment." Restitution to the Bank of Blue Valley is joint and several with Kevin James, a defendant in a related case.[1]

During defendant's supervision, the United States Probation Office set defendant on a payment plan of $333.33 per month. Defendant made regular monthly payments in this amount during his supervision and continued to do so after the termination of his supervision. As of January 4, 2024, defendant paid a total of $18,220.15 in monthly payments. In July 2022, in

---

[1] According to defendant, Mr. James has paid only $400.50 towards his restitution judgment to date.

response to a routine request, defendant provided a financial statement to the United States Attorney's Office. Based on information provided on that form and further follow up by the government, the government filed an Application for Writ of Continuing Garnishment on July 19, 2023, as to two garnishees—Fitzgerald Enterprises, Inc. 401(k) Profit Sharing Plan & Trust and Northwestern Mutual. A Writ of Continuing Garnishment was issued and served upon both garnishees. Fitzgerald Enterprises, Inc. 401(k) Profit Sharing Plan & Trust filed an Answer indicating that it did not have any "non-earnings property" in which defendant maintained an interest. Defendant concedes, however, that in response to the garnishment he withdrew a net amount of $42,877.80 from his 401(k) account with Fitzgerald Enterprises, Inc. 401(k) Profit Sharing Plan & Trust and deposited that amount into a savings account held by his wife. That amount has been paid to the Clerk of the Court, who is holding those funds pending resolution of this matter. Northwestern Mutual filed an Answer stating that defendant owns two life insurance policies with net accumulated values of $3247.66 and $118,622.75.

On August 14, 2023, the government filed an Application for Writ of Continuing Garnishment as to garnishee Hood & Associates CPAs, P.C., 401(k) P/S Plan. The writ was issued the same day. Hood & Associates CPAs, P.C., 401(k) P/S Plan filed an Answer indicating that it holds a vested 401(k) valued at $10,413.56 and an unvested 401(k) valued at $12,318.50 on behalf of defendant. On November 30, 2023, the government filed an Application for Writ of Continuing Garnishment to garnishee Hood & Associates CPAs, P.A., seeking to garnish 25 percent of defendant's disposable earnings. The Clerk of the Court issued the Writ, directing Hood & Associates CPAs, P.A., to withhold and retain that amount until further order of the court.

Defendant has moved to quash the Writs of Garnishment entered by the Clerk. In support of his motion, defendant contends that the sentencing judge's oral pronouncement of defendant's sentence provided that restitution "shall be satisfied in payments" and, in that respect, is inconsistent with the written judgment providing that restitution is "due immediately." Defendant, then, asserts that the judge's oral pronouncement controls the manner in which restitution must be paid. Defendant also contends that the government's enforcement efforts are excessive and punitive such that principles of equity favor quashing the garnishments, particularly because he cooperated with the government, achieved minimal personal financial gain from his criminal conduct, and has consistently made timely payments under the prior payment plan. As will be explained, the court denies the motion to quash.

The Mandatory Victim Restitution Act (MVRA) provides that when sentencing a criminal defendant, "the court shall order . . . that the defendant make restitution to the victim of the offense . . . ." 18 U.S.C. § 3663A(a)(1). The MVRA also provides that the government may enforce restitution orders "in the same manner it recovers fines and by all other available means." *United States v. Phillips*, 303 F.3d 548, 551 (5th Cir. 2002). Thus, to obtain satisfaction of a restitution judgment, the government, as it has done here, must use the procedures outlined in the Federal Debt Collection Procedures Act (FDCPA). *See* 28 U.S.C. § 3001(a)(1) & 3002(3) (debt includes restitution order). The FDCPA authorizes the government to seek and a court to issue a "writ of garnishment against property (including nonexempt disposable earnings) in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor, in order to satisfy the judgment against the debtor." 28 U.S.C. § 3205(a).

3

In his motion to quash, defendant asserts just two arguments—that the sentencing judge's oral pronouncement of sentence requires only that defendant comply with a payment schedule and that equity favors quashing the writs. The court rejects both arguments. The court begins with the written judgment in this case, which expressly states that restitution is "due immediately," and that the schedule set forth in the judgment (payments of "not less than" 5 percent of the defendant's monthly gross household income over a period of 2 years) "in no way abrogates or modifies the government's ability to use any lawful means at any time to satisfy any remaining criminal monetary penalty balance, even if defendant is in full compliance with the payment schedule." Doc. 30, p.7. The Tenth Circuit has recognized that when a judgment, like the one here, specifies that the amount owed is due in full on the date of judgment, regardless of whether the judgment includes a back-up schedule of payments, then the government is authorized to seek a writ of garnishment. *See United States v. Williams*, 898 F.3d 1052, 1055 (10th Cir. 2018) (affirming district court's conclusion that the government may seek garnishment of defendant's bank account because the total amount of restitution was ordered "due immediately" at the time of judgment); *accord United States v. Silverman*, 2019 WL 6799460, at *7 (D. Colo. Dec. 13, 2019) (where judgment of conviction explicitly stated that restitution amount was due immediately, existence of a minimum payment schedule of $1,000 a month did not change the reality that the full amount of restitution was due and owing and government was authorized to seek writ of garnishment). Such cases are distinct from those in which the court orders the defendant to pay only through a payment schedule with no requirement of immediate payment in full. *See United States v. Martinez*, 812 F.3d 1200 (10th Cir. 2015) (where district court declined

to make full restitution amount "due immediately," defendant was only required to comply with payment schedule and there was no immediately enforceable debt).

Defendant attempts to square the facts of this case with the Tenth Circuit's opinion in *Martinez*, arguing that the sentencing judge's oral pronouncement of sentence required that defendant pay restitution only through a payment schedule. But even a cursory review of the transcript from the sentencing hearing reveals that defendant has not provided the full context of the judge's pronouncement, which mirrors the written judgment in all pertinent respects. Specifically, the sentencing judge stated orally in open court:

> Pursuant to 18 U.S.C. Section 3663 A, defendant is ordered to pay restitution in the amount of $877,382.95 to the victim previously identified by the court. Payments shall be made to the clerk, US District Court, US Courthouse, Room 204, 401 North Market, Wichita, Kansas, 67202. *Restitution is due immediately*, and shall be satisfied in payments of not less than five percent of his monthly gross household income over the two years of supervised release to commence 30 days after entry of judgment in this case.

Doc. 60, Exh. 1, p. 24 (emphasis added). Without question, no conflict exists between the sentencing judge's oral pronouncement of sentence and the written judgment. And because both provide that restitution is due immediately, the government is authorized to seek garnishment of defendant's eligible assets despite additional language concerning a payment schedule. *See Williams*, 898 F.3d at 1055 (10th Cir. 2018) (where total amount of restitution remains due, a "back-up system for payments" does not preclude government from garnishing assets to obtain

partial payment of the amount currently due in restitution; garnishment is improper only where the government seeks payment of an amount not currently due).[2]

The court also rejects defendant's argument that equitable considerations preclude the government from garnishing defendant's assets. The record reflects that defendant has the resources to make a significant partial payment toward the restitution amount. The sentencing court made restitution due immediately. There is no equitable basis to bar the government from seeking to seize assets that are not exempt from seizure and from making whole the victim of defendant's criminal conduct. *See United States v. Silverman*, 2019 WL 6799460, at *11 (D. Colo. Dec. 13, 2019) (rejecting argument that equitable considerations precluded government from garnishing assets where restitution was due immediately and because law requiring restitution is titled the "*Mandatory* Victims Restitution Act").

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion to quash (doc. 60) is **denied**.

**IT IS SO ORDERED.**

Dated this 21st day of February, 2024, at Kansas City, Kansas.

---

[2] Notably, defendant does not address the government's argument that the payment schedule in this case expired by its terms after two years such that the remaining balance would now be due immediately in any event.

         s/John W. Lungstrum
HON. JOHN W. LUNGSTRUM
United States District Judge

7